UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARCELENA HOPKINS

        Plaintiff,         **JURY TRIAL**

V.         CIVIL ACTION NO

THE LAW OFFICES OF GREG ALEXANDRIDES, LLC.

Defendant.         AUGUST 3, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331.

3. Plaintiff is a natural person who resides in Glen Burnie, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant The Law Offices of Greg Alexandrides, LLC. ("Collection Law Firm"), is a debt collector within the FDCPA.

6. Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

## I. PRELIMINARY STATEMENT

7. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. ALLEGATIONS AS TO PARTIES

8. At all times material hereto, Defendant, the Law Offices of Grag Alexandrides,LLC located at 823 West Street, Annapolis, MD 21401 ("Collection Law Firm"), was a Maryland Limited Liability Company, doing business in Annapolis, Maryland.

9. Defendant is or was engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another in the State of Maryland.

10. Based on information and belief Defendant failed to obtain a collection agency license, as required by the Maryland Collection Agency Act and violated the FDCPA by misrepresenting his ability to collect debt legally in the State of Maryland.

## III. FACTUAL ALLEGATIONS

11. For an extended period of time, Defendant acted as a collection attorney for Fox Chase Townhouse Association, Inc.

12. In the course of Defendant's representation of Fox Chase Townhouse Association, Inc. Defendant regularly collected or attempted to collect monies from consumers for late fee, collection costs, homeowner's association fee and attorney fees.

13. On or about March 15, 2012, Defendant sent or caused to be sent to Ms. Hopkins written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting homeowner's association fees purportedly owed by Ms. Hopkins to Fox Chase Townhouse Association, Inc. ("Initial Collection Communication").

14. A true and correct copy of the Initial Collection Communication, is attached hereto and incorporated by reference as Exhibit "A,"

15. Through the Initial Collection Communication, Defendant purported to provide a disclosure of the rights of consumers such as Ms. Hopkins to obtain debt validation under the FDCPA ("Validation Disclosure").

16. By information and belief, for an extended period of time prior to the filing of the instant action, Defendant has maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers such as Ms. Hopkins without a proper notice of the validation of debts clause.

## IV. DEFENDANT'S PRACTICES

17. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. § 1692g.

## V. ALLEGATIONS OF LAW

### A. General

18. At all times material hereto, Ms. Baxter was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

19. At all times material hereto, Fox Chase Townhouse Association, Inc. represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

20. At all times material hereto, the Fees purportedly owed to Fox Chase Townhouse Association, Inc., represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

21. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

### B. Validation Violation

#### *I. General*

22. 15 U.S.C. §1692g (a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. As more particularly described below, through the Initial Collection Communication, Defendant violated the FDCPA by failing to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 *U.S.C.* §1692g.

**No Written Dispute Requirement**

24. Through the Initial Collection Communication, Defendant stated:

"This is an attempt to collect a debt and any information obtained will be used for that purpose. If you believe that the amounts stated in this notice are erroneous or otherwise not due as claimed, please contact our office within thirty days of receiving this notice. If you dispute the debt within thirty days, we will obtain verification of the claimed debt from the managing agent and will mail a copy of such verification to you..."

25. The omission of the Defendant to advise the least sophisticated consumer that disputes by consumers such as Ms. Hopkins, <u>must be in writing</u> as set forth in the

disclosure provisions of 15 U.S.C. §1692g(a)(4). See, *See Jason Bicking v. Law Office of Rubenstein and Cogan. 3:11-CV-0078-HEH U.S.D.C. for the Eastern District of VA.*

26. Defendant omits the written requirement again in his notice as required by §1692g (a)(5).

27. There is no right to orally dispute a debt as this Court has held, and Defendant's letter falsely implies you can call his office and orally dispute the debt.

### Failure to Disclose Proper Validation Period

28. The confusion created by Defendant with respect to the disclosure of the rights of debt verification under the FDCPA is compounded by the failure of Defendants to properly inform consumers such as Ms. Hopkins of the proper time period for requesting validation of debts. In particular, 15 U.S.C. §1692g (a)(3), (4) and (5), state that the validation period continues through "thirty days after receipt of the notice." In contrast to the requirements of 15 U.S.C. §1692g(a)(3), (4) and (5), that the validation period commences upon receipt of the notice by the consumer, Defendants provide that the validation period terminates "within thirty days."

### Failure to Disclose Right to Dispute Part of the Debt

29. As detailed above, 15 U,S.C. §1692g(3) and (4) allow a consumer to dispute the debt and "any portion thereof."

30. Despite the clear statutory language of the FDCPA, Defendant do not disclose that Ms. Hopkins, has the right to dispute a portion of the claimed debt represented by the Defendant as owed.

### Failure to Obtain a Collection Agency License

31. As a result of Defendants' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

32. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages pursuant to 15 U.S.C. § 1692k;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

    E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY /S/ Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
Phone: 203-481-4040
Fax:   443-440-6372
Email: mwk550@yahoo.com

# THE LAW OFFICES OF
# GREGORY ALEXANDRIDES, LLC

Gregory A. Alexandrides
Athena K. Alexandrides
George A. Perry *Attorneys at Law*
alexandrideslawoffice@verizon.net

823 West Street
Annapolis, Maryland 21401
Tele (410) 990-1991
Fax (410) 990-1502

March 15, 2011

CERTIFIED MAIL - RESTRICTED DELIVERY,
FIRST CLASS - POSTAGE PREPAID, and POSTING OF PROPERTY



Marcelena Hopkins
131 Foxtree Drive
Glen Burnie, Maryland 21061

Re: ***NOTICE OF INTENT TO CREATE A LIEN***
By: Fox Chase Townhouse Association, Inc. ("Lienor")
To: Addressee(s) noted above ("Lienee(s)")
Property: **131 Foxtree Drive**
Our File No.: 70250.505

Dear Marcelena Hopkins:

We have been retained by Fox Chase Townhouse Association, Inc. to collect the debt you owe to it. As such, your account has been forwarded to our Annapolis office by our client's managing agent, Professional Community Management, Inc.. Until you are notified in writing otherwise, **all correspondence and payments concerning your account are to be through our Annapolis office** and not the Fox Chase Townhouse Association, Inc., its managing agent, or its Board of Directors.

At present, our records indicate that this past due account currently totals **$494.50** and consists of the following: (1) alleged damages (as such term is defined in Section 14-201(c) of the Maryland Contract Lien Act) consisting of $144.00 in assessments, and $4.32 in interest charges @ 18% per annum; (2) $161.18 in collection costs; and (3) $185.00 in attorney's fees.

Please be advised that the Lienor intends to create a lien encumbering your property pursuant to the Maryland Contract Lien Act (Annotated Code of Maryland, Real Property Article, Title 14, Subtitle 2 (1996 repl. vol.); 1985 Laws of Maryland, chapter 736. The name of the party seeking to create this lien is Fox Chase Townhouse Association, Inc. Its address is c/o Professional Community Management, Inc., 1111 Benfield Boulevard, Suite 110, Millersville, Maryland 21108. The "contract" (as such term is defined in Section 14-201(b) of the Maryland Contract Lien Act) authorizing the creation of the intended lien is identified as the Declaration of Covenants, Conditions and Restrictions dated February 24, 1993 (as from time to time thereafter amended) and recorded among the Land Records of Anne Arundel County, Maryland at Book 5959, folio 027 *et seq.*. The lien may be enforced and foreclosed in the same manner and subject to the same requirements as the foreclosure of mortgages or deeds of trust on Maryland property containing a power of sale or an assent to a decree. The nature of your alleged breach of the contract is your failure to make timely payments of duly levied assessments as prescribed and required the "contract" specified above.

The property against which the lien of the Lienor is intended to be imposed is all that real property situated in Anne Arundel County, Maryland which is known and designated as 131 Foxtree Drive, Glen Burnie, Maryland, subjected to the contract described above and as shown on the plats recorded among the County Land Records in association with the contract described above in and for the community now known as Fox Chase Townhouse Association, Inc.; together with the improvements thereupon located, and the rights, ways, waters, privileges, appurtenances and advantages belonging to said property or in anywise appertaining thereto. This said property is commonly known and designated as: 131 Foxtree Drive, Glen Burnie, Maryland 21061. This



Marcelena Hopkins
March 15, 2011
Page 2

property is located entirely within Anne Arundel County, Maryland.

Please be advised that you, the party against whose property the referenced lien is intended to be imposed, have the right to a hearing under subsection (c) of Section 14-203 of the Maryland Contract Lien Act (Title 14, Subtitle 2 of the Real Property Article, Maryland Annotated Code).

**Please be advised that your payment for the total amount owed as stated on the first page of this notice must be received by this office within thirty days of receipt of this notice. If you are unable to pay the full amount due in a lump sum, you must contact our office within the same time period to propose a reasonable repayment plan. Please send your payment to 823 West Street, Annapolis, Maryland 21401, Attention: Gregory Alexandrides, Esquire. You may make drafts payable to Fox Chase Townhouse Association, Inc.** Please be aware that if you fail to follow these directions and additional correspondence from this office must be generated as a result of that failure, additional collection costs and attorney's fees will be assessed to your account. **Partial payments will NOT stop the collection action unless they are made pursuant to an approved repayment agreement.** *Any partial payments received without prior agreement may be accepted and will be applied to satisfy accrued attorney's fees and collection costs first.* A $25.00 bank return check fee will be assessed for any personal check returned by your bank unpaid.

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you believe that the amounts stated in this notice are erroneous or are otherwise not due as claimed, please contact our office within thirty days of receiving this notice. If you dispute the debt within thirty days, we will obtain verification of the claimed debt from the managing agent and will mail a copy of such verification to you. If you fail to contact this office within thirty days, the stated amount of the debt will be assumed valid. Please be advised that certain collection activities and communications may continue during such thirty day period. If, however, you request proof of the debt within thirty days, collection efforts will be suspended until the requested verification is mailed to you. Please be further advised that the demand for payment in this letter does not reduce your rights to dispute this debt, or any portion thereof, and/or to request verification within the thirty day period as set forth above.

We urge you to give this matter your immediate and preferred attention. Should you have any questions regarding this matter, please contact this office.

Fox Chase Townhouse Association, Inc.

By _____
Gregory A. Alexandrides
Attorney for the Lienor
823 West Street
Annapolis, Maryland 21401


cc:   Fox Chase Townhouse Association, Inc.
70250.505